Vera **SAZHNEVA, Plaintiff–Appellant,**

v.

**Commissioner of Social Security, Michael ASTRUE, Defendant–Appellee.**

**No. 09–17511.**

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2011.*

Filed April 15, 2011.

Jesse S. Kaplan, Attorney at Law, Carmichael, CA, for Plaintiff–Appellant.

Elizabeth Firer, Special Assistant U.S., Social Security Administration, Office of the General Counsel, San Francisco, CA, Bobbie J. Montoya, Assistant U.S., Office of the U.S. Attorney, Sacramento, CA, for Defendant–Appellee.

Before: REINHARDT, HAWKINS, and GOULD, Circuit Judges.

MEMORANDUM **

Vera Sazhneva appeals the district court's order affirming the Commissioner of Social Security's denial of supplemental social security disability benefits. Our jurisdiction is pursuant to 28 U.S.C. § 1291.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

For substantially the same reasons stated in Magistrate Judge Kellison's thorough memorandum opinion, *Sazhneva v. Comm'r of Soc. Sec.*, No. 08–300, 2009 WL 3246979 (E.D.Cal. Sept.30, 2009), we affirm.

Sazhneva argues that the administrative law judge ("ALJ") who denied her claim erred by, first, determining her residual functional capacity without considering some of her medical conditions and, second, relying on the medical opinions of non-examining doctors over the contrary opinions of a treating doctor and an examining doctor. We are satisfied that the ALJ considered all of Sazhneva's relevant medical conditions. But even if certain conditions were overlooked, Sazhneva has not established why they are material to a determination of her residual functional capacity. *See Macri v. Chater*, 93 F.3d 540, 543 (9th Cir.1996) ("The claimant must prove not only the existence of an impairment but that the impairment prevents him from performing his past work."). Further, the ALJ gave "specific and legitimate reasons supported by substantial evidence in the record," *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.1995) (internal quotation omitted), for relying on the medical opinions of C. Richard Dann and Sudhir Jaituni, non-examining physicians, over the contrary opinions of Pavel Polskiy, a treating physician, and Gabriel Borges, a non-treating examining physician.

We agree with the district court that "[w]hile the evidence may support a different conclusion, there is sufficient evidence to support the ALJ's decision, and that decision is not to be overturned on such a record." *Sazhneva*, 2009 WL 3246979, at *10. Because the decision of the ALJ is supported by substantial evidence, we affirm the judgment of the district court.

**AFFIRMED.**